THE OHIO & MISSISSIPPI RAILWAY COMPANY
v.
JOSEPH MAISCH.

*Railroads—Personal Injury—Highway Crossing—Contributory Neg-ligence.*

In an action against a railroad company to recover damages for injuries caused by a collision at a highway crossing, this court reverses a judgment for the plaintiff as contrary to the evidence, the collision having been caused by his own gross negligence.

[Opinion filed March 1, 1889.]

APPEAL from the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding.

Messrs. POLLARD & WERNER, for appellant.

Mr. L. H. HITE, for appellee.

GREEN, P. J. This suit was brought to recover for personal injuries and the value of a buggy. The declaration contained two counts, the first charging negligence in failing to give either of the signals required by the statute, the second charging negligence in running the train at a high and dangerous rate of speed.

At the trial after all the evidence was in, plaintiff abandoned the first count and dismissed his suit as to said count. At the time and place of the accident there were two tracks running east and west, one a main, the other a side track; on the latter a freight train was standing headed west, its engine 1,000 feet from the crossing; the train which struck plaintiff's buggy was running east on the main track. Plaintiff and his companion were riding in an open buggy on the highway coming from the north, the main track being the one nearest them as they approached; in crossing this track, the hind wheels of the buggy were struck by the engine, and plaintiff thrown out and injured, and his buggy so broken as to be of little value. The accident occurred in Caseyville, about nine o'clock on the night of September 26, 1887. Plaintiff and the person with him had resided in Caseyville a number of years and were familiar with the crossing, and knew about the time defendant's trains passed through the town. The plaintiff not only failed to show he or the person driving were exercising reasonable care as averred, but on the contrary the record dis-

closes the fact that the reckless and inexcusable negligence of plaintiff and his companion brought about the collision.

They admit they saw the headlight of the engine which struck them, when they were twenty-five feet distant from the main track, and say they did not know whether the train was moving or not, but believing it to be stationary, did not stop to ascertain with certainty, and continued on their way across, or, as the one driving testifies, "When I got within twenty-five feet of track, I looked up and down the track, gazed on the engine standing there and drove right down;" and neither of these persons looked again after they reached this point, until they were on the main track and the train almost upon them. Had they used the most ordinary precaution, and stopped and looked, they must have discovered the train to have been in motion and no accident would have occurred. They left a place of absolute safety to encounter a probable danger. In explanation of the cause for his mistake in supposing the headlight facing east to be on a stationary train, the driver testifies he was confused by the blending of the two headlights, one on the freight engine headed west and the other on the train that struck the buggy, and this when he was at the point twenty-five feet from track. The headlight on freight engine was then 1,000 feet west of witness; the headlight of the approaching train could not have been blended with it after it had passed that point, and would then have been the only one visible if witness had looked, as the east bound train would have shut out from his view the headlight of the freight engine. By looking he would have removed all uncertainty and ascertained the headlight facing east was on a train in motion running toward the crossing he was approaching.

Upon a full and fair consideration of all the evidence we are of opinion the accident and resulting injury complained of was occasioned by the gross negligence of plaintiff and his companion who was driving, and that plaintiff had no right of action against defendant. Entertaining this view we see no reason for remanding the cause. The judgment is reversed.

*Judgment reversed.*